**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4518

MYRNA JOSEPHINE HOLT WILSON,
a/k/a Joanne Wilson,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-98-91-2)

Submitted: March 23, 2000

Decided: March 31, 2000

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Linda Gale Willis, Bedford, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Sharon Burnham, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Myrna Josephine Holt Wilson appeals her conviction and sentence for conspiracy to distribute heroin in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). Because we find no reversible error, we affirm.

Initially, we hold that the district court did not abuse its discretion by denying Wilson's motion to withdraw her guilty plea despite her contentions that she did not understand either the plea agreement or the amount of heroin attributed to her. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (stating standard of review). After applying the appropriate factors laid out in Moore, see id., the district court concluded that Wilson failed to articulate a"fair and just reason" justifying withdrawal of her guilty plea, see Fed. R. Crim. P. 32(e). We find this conclusion proper given that during her Rule 11 colloquy she knowingly and voluntarily pled guilty in full understanding of the plea and the amount of heroine attributed to her, that instead of arguing her innocence she repetitively admitted her culpability to family and to the district court, and that she waited close to four months before moving to withdraw her plea.

We next decline to address Wilson's claim that the district court erroneously enhanced her sentence for her role in the drug conspiracy because she waived her right to appeal this issue. In her plea agreement and plea colloquy Wilson voluntarily and intelligently waived her right to appeal her sentence except if the district court departed upwards from the guidelines or deviated from factual findings stipulated in the plea agreement. See United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Because her conspiratorial role enhancement falls under neither exception, her right to appeal this issue was waived.

Accordingly, we affirm the district court judgment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

2